**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**OWOLABI SALIS,**

                                        **Petitioner,**

        **vs.**                                        **1:24-CV-1130**
                                                        **(MAD/PJE)**

**HON. SALLIE MANZANET-DANIELS; HON.**
**JUDITH J. GISCHE; HON. TROY K. WEBBER;**
**HON. CYNTHIA S. KERN; HON. JULIO**
**RODRIGUEZ, III; SUSANNA MOLINA ROJAS;**
**CARL E. HEASTIE,** *Speaker, New York State*
*Assembly*; **THE NEW YORK STATE SENATE;**
**KATHY HOCHUL,** *Governor of New York*;
**LETITIA JAMES,** *New York State Attorney*
*General*; **THE UNITED STATES ATTORNEY**
**GENERAL; NEW YORK STATE BAR**
**ASSOCIATION** *(NYBA)*; **and AMERICAN BAR**
**ASSOCIATION** *(ABA)*,

                                        **Respondents.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**OWOLABI SALIS**
1179 Eastern Parkway
Brooklyn, New York 11213
Petitioner *pro se*

**OFFICE OF THE NEW YORK**              **BRITTANY M. HANER, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for the State Respondents

**U.S. DEPARTMENT OF JUSTICE**          **JOHN D. HOGGAN, JR., ESQ.**
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207-2924
Attorneys for Respondent United States
Attorney General

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Petitioner commenced this action on August 26, 2024, pursuant to Article 78 of the N.Y. C.P.L.R., in the New York State Appellate Division, Third Department.  *See* Dkt. No. 1-1.  The proceeding challenges Petitioner's disbarment in New York by state actors.  Petitioner names as Respondents in this action various New York State judges and politicians (the "State Respondents"), as well as the United States Attorney General (the "Federal Respondent" or "U.S. Attorney General").  The Federal Respondent removed this action pursuant to 28 U.S.C. § 1442(a)(1), because it is a civil action brought against an officer of the United States.  *See* Dkt. No. 1.

Currently before the Court are the State and Federal Respondents' motions to dismiss and Petitioner's "motion" seeking to admit additional evidence.  *See* Dkt. Nos. 22, 24 & 35.  As set forth below, the Federal Respondent's motion to dismiss is granted and this matter is remanded to the Appellate Division, Third Department.

### II. BACKGROUND

By per curiam opinion dated November 29, 2022, the New York State Appellate Division, First Department, disbarred Petitioner from the practice of law in New York State for, among other things, "over an eight-year period, submitt[ing] 1,185 fraudulent and frivolous I-360 [immigration] petitions, only one of which was granted." *Matter of Salis*, 212 A.D.3d 7, 9 (1st Dep't 2022).  The five justices named as Respondents in this proceeding concurred in the opinion. *See id.*  The opinion was entered by the Clerk of the Court, Respondent Susanna Molina Rojas. *See id.*

2

The First Department denied Petitioner's motion for leave to appeal. *See Matter of Salis*, 2023 N.Y. Slip Op. 61024(U) (1st Dep't 2023). The Court of Appeals thereafter denied Petitioner's motion in that Court for leave to appeal and also dismissed Petitioner's direct appeal, *see Matter of Salis*, 40 N.Y.3d 965 (2023), and the United States Supreme Court denied the petition for writ of certiorari. *See Salis v. Atty. Griev. Comm. for the First Jud. Dep't*, 144 S. Ct. 1099 (Mar. 25, 2023).

In addition to the instant proceeding, Petitioner filed an Article 78 petition in New York State Supreme Court, New York County, challenging his disbarment. *See Matter of Salis v. Zolin*, Index No. 156523/2024. The respondents in that proceeding were three individuals involved in the attorney grievance process – Donald Zolin, Jorge Dopico, and Kevin Doyle – as well as several parties named in the present matter – Assembly Speaker Heastie, the New York State Senate, Governor Hochul, Attorney General James, the United States Attorney General, the New York Bar Association, and the American Bar Association. *See id.*

Petitioner also brought an action in the United States District Court for the Eastern District of New York seeking damages and costs under 42 U.S.C. § 1983 against the New York State Attorney General, the United States Attorney General, and the New York State Bar Association – each of which are Respondents in this proceeding – as well as Zolin, Dopico, and Doyle, the Kings County District Attorney, and Thompson Reuters. *See Salis v. Dopico*, No. 23-cv-1816, 2024 WL 1282476 (E.D.N.Y. Mar. 26, 2024). On March 26, 2024, the district court dismissed the amended complaint in its entirety without leave to amend, *see id.*, and the Second Circuit dismissed the appeal without leave to amend on March 21, 2025. *See Salis v. Dopico*, No. 24-1066, 2025 WL 880407 (2d Cir. Mar. 21, 2025).

Petitioner commenced this special proceeding under Article 78 on or about August 26, 2024, alleging various violations related to his prosecution by the Manhattan District Attorney, investigation of Petitioner's misconduct by the New York State First Judicial Department Attorney Grievance Committee, and his ultimate disbarment by the First Department. *See* Dkt. No. 2. Petitioner contends that the First Department's decision to disbar him "was extremely suspicious" and "suggests that the five Justices did not participate in the decision and/or Petitioner's Motion to Disaffirm were [sic] not presented before them." Dkt. No. 1-1 at 13. Petitioner contends that he sent a letter to the five justices of the First Department "to determine whether they actually participated in the decision and whether [his] argument was placed before them," but they failed to respond. *See id.* at 22. In his prayer for relief, Petitioner seeks the following relief: (1) an order "[d]irecting the Justices to answer whether they personally participated in the decision and whether arguments of the Petitioner as presented in App 0646-0723 were presented before them;" (2) if it is determined that the Justices did not participate in the proceeding resulting in his disbarment, an order vacating and setting aside the disbarment order; and (3) an order expunging the disbarment from Petitioner's records and restoring him as an attorney in good standing. *See id.* at 48-49.

### III. DISCUSSION

**A.    Standard of Review**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(b)(1). "'A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting

*Makarova*, 201 F.3d at 113).  When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true, but does not draw inferences from the complaint favorable to the plaintiff.  *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).  The court may "resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citation omitted).  Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of the

'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations

in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S.

at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to

plausible, the [] complaint must be dismissed[,]" *id.* at 570.[1]

**B.    The Federal Respondent**

In its motion to dismiss, the U.S. Attorney General first argues that Petitioner's claims

against it must be dismissed pursuant to Rule 12(b)(1) based on sovereign immunity.  *See* Dkt.

No. 22-1 at 6-7.  Alternatively, the U.S. Attorney General contends that Petitioner's conclusory

allegations are insufficient to state a plausible claim under Rule 12(b)(6).  *See id.* at 7-8.  The

Court agrees.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Sovereign immunity also protects federal

officers in their official capacities from suit unless immunity has been waived.  *See Robinson v.*

*Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).  A waiver of sovereign immunity

"cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4

(1969).  Because "the doctrine of sovereign immunity is jurisdictional in nature, ... the plaintiff

bears the burden of establishing that her claims fall within an applicable waiver." *Makarova*, 201

F.3d at 114; *see also Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) ("A plaintiff has

---

[1] The Court notes that, although Petitioner is proceeding *pro se* in this matter, he is not entitled to any special solicitude because he is a recently disbarred attorney.  *See Salis*, 2025 WL 880407, at *1 (citing *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010)).

the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists").

In the present matter, the Court agrees with the U.S. Attorney General that Petitioner's claims against her are subject to dismissal for lack of subject matter jurisdiction. As the Second Circuit has held, the United States has not consented to be sued in a New York State Article 78 proceeding. *See Commissiong v. United States Dep't of Hous. & Urb. Dev.*, No. 21-556, 2022 WL 1715978, *1 (2d Cir. May 27, 2022) ("Commissiong framed this action as arising under Article 78, which is a procedural mechanism to challenge state and local agency actions under New York state law. ... But she does not attempt to argue that there has been a waiver of the United State's sovereign immunity with respect to such proceedings") (internal citations omitted). Moreover, Petitioner has failed to identify any other potential waiver of sovereign immunity, as he was required to do. *See id.* Accordingly, the Court grants the U.S. Attorney General's motion to dismiss for lack of subject matter jurisdiction.

Alternatively, the Court finds that the claims against the U.S. Attorney General are subject to dismissal under Rule 12(b)(6). In his opposition to the U.S. Attorney General's motion, Petitioner confirms that his sole basis for including her as a Respondent is his belief that she is an "interested party" in his Article 78 proceeding against the State Respondents. *See* Dkt. No. 26 at 4-5. In fact, the U.S. Attorney General is not mentioned anywhere in Petitioner's "Historical Background" summarizing his view of the facts in this matter. In his response, Petitioner explains that he included the U.S. Attorney General in this action because she

> is the Chief Law Officer of the land and represents the United
> States Government in all courts in which the United States is a party
> or has an interest as may be deemed appropriate. In carrying out
> the duties, the USAG operates through the US Attorneys (USA)
> across the states. ... The USAG through the US Attorneys (USA)
> has the statutory power to investigate alleged or suspected

> violations of federal law or participate in civil actions involving federal matters.

*Id.*

The allegations in the petition fail to plausibly allege a claim against the U.S. Attorney General.  Initially, the petition does not seek any specific relief from the U.S. Attorney General.  Courts "'have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" *Salis*, 2024 WL 1282476, at *5 (quoting *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999)) (other citations omitted); *see also Cent. New York Fair Bus. Ass'n v. Jewell*, 673 Fed. Appx. 63, 65 (2d Cir. 2016) (citation omitted).  Moreover, the subject of this action is the investigation of Petitioner's misconduct by the New York State First Judicial Department Attorney Grievance Committee, and his ultimate disbarment by the First Department.  Petitioner has not and cannot allege that the U.S. Attorney General played any role in Petitioner's disbarment, which was solely within the province of the state court.  Accordingly, the Court grants the U.S. Attorney General's motion on this alternative ground.

## C.    Remand

The State Respondents argue that, if the Court dismisses the U.S. Attorney General from this action, the Court should decline to exercise supplemental jurisdiction over the state law claims and remand this case to state court.  *See* Dkt. No. 24-1 at 11.  However, the State Respondents contend that, if the Court grants this request to remand, the case should be remanded to the Appellate Division, First Department, rather than the Appellate Division, Third Department, because venue is only proper in the First Department pursuant to N.Y. C.P.L.R. § 506(b)(1).  *See id.* at 11-12.

Initially, the Court agrees that remand is appropriate because the Court has granted the U.S. Attorney General's motion to dismiss and the only basis for removal of this action was 28 U.S.C. § 1442(a)(1), which permits removal of a civil or criminal action brought against an officer of the United States. Considering the preliminary stages of this case and the fact that it is brought pursuant to Article 78, which is a procedural mechanism unique to New York State courts, and the fact that this action originated in state court, the Court will decline to exercise supplemental jurisdiction over the remainder of this action. *See Cecere v. Canisius Univ.*, No. 1:24-cv-155, 2025 WL 712748, *6 (W.D.N.Y. Mar. 5, 2025) (remanding case to state court upon dismissal of all federal claims); *Camhi v. Glen Cove City Sch. Dist.*, 920 F. Supp. 2d 306, 313 (E.D.N.Y. 2013) (declining to exercise supplemental jurisdiction over the plaintiff's Article 78 proceeding challenging the defendant's decision to revoke its previous grant of tenure where the court had dismissed the plaintiff's only federal claim).

The Court, however, will not remand this case to the First Department, since it lacks the authority to do so. Courts have repeatedly held that a district court is only permitted to remand a case to the state court from which the case was removed. *See Allied Signal Recovery Tr. v. Allied Signal, Inc.*, 298 F.3d 263, 270 (3d Cir. 2002) ("'Remand' means 'send back.' It does not mean 'send elsewhere'") (citation omitted); *Bloom v. Barry*, 755 F.2d 356, 357-58 (3d Cir. 1985) (holding that federal district court in New Jersey lacked authority to "remand" to New Jersey state court a case that had been removed from Florida state court to federal district court in Florida and transferred to federal district court in New Jersey, since the only "remand" contemplated by the removal statute is remand to the state court from which case was removed); *Jedraszak v. Intromedic, Inc.*, No. 00-cv-7566, 2004 WL 1497559, *3 (S.D.N.Y. July 2, 2004) (holding that "[r]emand by a federal court to a state county court from which the case was not originally

removed is impermissible"); *Monty v. Patterson Dental Supply, Inc.*, No. 20-cv-1916, 2021 WL 323868, *4 (D. Minn. Feb. 1, 2021) (holding that district courts lack the authority to remand a case back to any state court other than the court from which the case was originally removed) (citations omitted); *Bailey v. Geico Cas. Co.*, No. 16-cv-743, 2016 WL 9414122, *2 (W.D. Mo. Dec. 2, 2016) (holding that the court lacked authority to "remand" a case to a different venue") (citation omitted); 14C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3739 & n.14 (Rev. 4th ed. 2020) ("Federal district judges do not have the authority to 'transfer' cases by remanding them to different courts within the same state, let alone to courts of another state, regardless of jurisdiction, venue, and efficiency considerations that might favor that action") (collecting cases). Any determination regarding the appropriate venue for this matter is an issue properly addressed by the state court.[2]

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that the U.S. Attorney General's motion to dismiss (Dkt. No. 22) is **GRANTED**; and the Court further

**ORDERS** that the State Respondents' motion to dismiss or, in the alternative, to remand to state court (Dkt. No. 24) is **GRANTED in part and DENIED as moot in part**; and the Court further

**ORDER** that this action is **REMANDED** to the New York State Appellate Division, Third Department for consideration of the remaining claims; and the Court further

---

[2] Similarly, the merits of the State Respondents' arguments for dismissal are best decided by the state court on remand.

**ORDERS** that Petitioner's motion to introduce new evidence (Dkt. No. 35) is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: May 6, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

11